

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Phibro Animal Health v. Cornerstone AG Prod

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Phibro Animal Health v. Cornerstone AG Prod" (2008). *2008 Decisions.* Paper 1384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4278
_____

PHIBRO ANIMAL HEALTH U.S., INC.

v.

CORNERSTONE AG PRODUCTS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-02664)
District Judge: Honorable Garrett E. Brown, Jr., Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 11, 2008
_____

Before: FUENTES, CHAGARES AND ALDISERT, <u>Circuit Judges</u>
(Filed: March 26, 2008)

_____

OPINION
_____

ALDISERT, <u>Circuit Judge</u>

Appellant Cornerstone Ag Products ("Cornerstone") appeals from an order of the

United States District Court for the District of New Jersey granting summary judgment in

favor of Appellee Phibro Animal Health U.S., Inc., ("Phibro") on all claims raised in Phibro's complaint and all counterclaims raised by Cornerstone. We will affirm.

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

## I.

We are satisfied that the District Court properly granted summary judgment in favor of Phibro on all of the claims asserted in Phibro's complaint. Phibro first asserted claims for breach of contract, unjust enrichment, account stated and conversion. The New Jersey Uniform Commercial Code states that a buyer "must pay at the contract rate for any goods accepted." N.J. Stat. Ann. § 12A:2-607(1). In this case, there is no dispute that Phibro delivered goods to Cornerstone and that Cornerstone accepted those goods in accordance with the parties' Distributorship Agreement. Indeed, Cornerstone does not dispute that it received, accepted and resold the goods identified in the November 26, 2001 invoice. Additionally, Cornerstone does not dispute that it has failed to pay Phibro for these goods. As Cornerstone has accepted goods from Phibro, the New Jersey Uniform Commercial Code mandates that Cornerstone pay the contract price for the goods. Accordingly, the District Court did not err in granting summary judgment in favor of Phibro on Phibro's breach of contract, unjust enrichment, account stated and conversion claims. See Electro-Catheter Corp. v. Surgical Specialties Instrument Co., 587 F. Supp. 1446, 1456 (D.N.J. 1984) (finding that summary judgment was appropriate, even

in light of the defendant's claim for an offset, where there was no genuine dispute as to the plaintiff's right to recover on the particular invoices).

Phibro also asserted a claim for declaratory relief in its complaint. The terms of the Distributorship Agreement provided that the agreement would terminate on June 30, 2002. If sales of Rumatel to Cornerstone under the agreement exceeded $380,000 in 2001, however, the agreement would automatically renew for an additional one-year term. Although Cornerstone contends that it made purchases of at least $393,000 in 2001, this amount includes $140,400 worth of Rumatel shipped in November 2001 for which Cornerstone has yet to make payment. Thus, sales to Cornerstone cannot be said to have exceeded $380,000 in 2001. Therefore, the District Court properly determined that the agreement between Phibro and Cornerstone terminated on June 30, 2002, and did not err in granting summary judgment on this claim in favor of Phibro.

## II.

Cornerstone asserted a number of counterclaims against Phibro arising from Phibro's alleged breach of the exclusivity provision of the Distributorship Agreement. We are satisfied that the District Court properly granted summary judgment in favor of Phibro on these counterclaims as well.

First, Cornerstone asserted that Phibro breached the Distributorship Agreement by contacting Archer Daniels Midland ("ADM") in or around March 2003 regarding the sale of Rumatel to ADM. As discussed above, however, the Distributorship Agreement

3

expired by its own terms on June 30, 2002. Thus, any contact between Phibro and ADM subsequent to the agreement's termination does not violate the agreement. Because the contact between Phibro and ADM occurred after the termination of the Distributorship Agreement, the District Court properly granted summary judgment in favor of Phibro on this counterclaim.

Second, Cornerstone asserted that Phibro intentionally interfered with its prospective economic advantage by dealing directly with ADM while Cornerstone was in negotiations with ADM to assign ADM its rights under the Distributorship Agreement. Cornerstone's attempt to assign its rights occurred in early 2003. At that time, however, Cornerstone had no rights in the Distributorship Agreement to assign to ADM as the agreement terminated on June 30, 2002. Because Cornerstone had no rights to assign, Cornerstone had no reasonable expectation of prospective economic advantage with which Phibro interfered. The District Court therefore did not err in granting summary judgment in favor of Phibro on this counterclaim.

Third, Cornerstone sought reformation of the Distributorship Agreement to reflect the parties' alleged intention to grant Cornerstone the exclusive rights to manufacture, label, market, distribute and sell Rumatel in a 0.44 g/lb concentration. The language of the agreement, however, clearly appointed Cornerstone as the exclusive distributor of Rumatel under a goat-specific label. In addition, the Distributorship Agreement contained a clause stating that it represented the entire agreement and understanding between the

4

parties. This Court has expressed its hesitation about reforming contracts with clear language and has stated that "[t]he power of reformation should be used only when the mistake is material, when there would not be prejudice to the other party (besides loss of the bargain), and upon a showing that the [party seeking reformation] exercised reasonable care." Raiczyk v. Ocean County Veterinary Hosp., 377 F.3d 266, 270 (3d Cir. 2004). As the Distributorship Agreement was clear in its terms and Cornerstone cannot show that no prejudice to Phibro would result from reformation, the District Court correctly determined that reformation was inappropriate in this case and properly granted summary judgment in favor of Phibro.

Fourth, Cornerstone sought injunctive relief prohibiting Phibro from selling Rumatel to ADM or other companies in violation of the Distributorship Agreement. As previously discussed, the Distributorship Agreement expired in 2002. Thus, any sales by Phibro to other companies after that date do not violate the agreement. Because the Distributorship Agreement has been terminated by its terms, Cornerstone's claim for injunctive relief prohibiting Phibro from selling Rumatel to other companies is unavailing, and the District Court properly granted summary judgment in favor of Phibro.

Fifth, Cornerstone asserted a claim for restitution, notwithstanding its own breach of the agreement, for the benefit conferred on Phibro through its agreement with ADM. As previously discussed, when Phibro engaged in negotiations with ADM, the Distributorship Agreement between Phibro and Cornerstone had expired. Because the

5

agreement had terminated, Cornerstone had no rights to transfer to ADM and thus suffered no loss when Phibro contracted with ADM directly. In addition, the Distributorship Agreement specifically prevents Cornerstone from recovering consequential, incidental, special or indirect damages – the kind of damages sought by this claim. Accordingly, the District Court did not err in granting summary judgment in favor of Phibro.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.